# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Colleen M. Auer, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Minot, a North Dakota | ) | |
| Municipal Corporation, | ) | Case No. 4:15-cv-040 |
| | ) | |
| Defendant. | ) | |

Before the court is an "Objection and Motion Concerning Improper Amendment of Complaint" filed by defendant on September 8, 2015. For the reasons set forth below the objection the motion is denied.

## I. BACKGROUND

Plaintiff initiated the above-entitled action by complaint on April 20, 2015. On July 31, 2015, defendant filed an answer to the complaint. On August 24, 2015, plaintiff filed an amended complaint.

On September 8, 2015, defendant filed an "Objection and Motion Concerning Improper Amendment of Complaint." It objects to plaintiff's amended complaint on the grounds that it was filed more than 21 days after service of the original complaint without its written consent or leave of court. It further avers that the "amendments to the original Complaint do nothing to change the underlying lack of merit to the litigation, and the amendment should not be allowed as it would be futile to allow such amendments as Plaintiff has already admitted her claims are without merit." (Docket No. 18). It requests that the court strike plaintiff's amended complaint or, in the alternative,

1

require plaintiff to comply with Rule 15 and allow it the opportunity to appropriately respond.

On September 9, 2015, plaintiff responded that defendant's objection and motion are specious and that her amended complaint was timely filed when factoring in the 3 days allowed for mailing under Fed. R. Civ. P. 6.

On September 14, 2015, defendant filed a reply in support of its objection and motion. Thus, this issue has now been fully briefed and is ripe for the undersigned's consideration.

## II. **DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides the following with respect to amendments to pleadings prior to trial:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Rule 6, which addresses the computation of time, adds 3 additional days for mailing. Fed. R. Civ. P. 6(d)

Defendant filed its answer with the court on July 31, 2015. (Docket No. 6). However, according to an affidavit of service it has provided to the court, it actually served plaintiff with the answer on July 30, 2015. (Docket No. 22-1). Calculating from the date of service (July 30, 2015) and factoring the 3 days for mailing as provided for under the rules, plaintiff had until Sunday, August 23, 2015, to file an amended complaint as a matter of course. However, the record reflects that she did not file her amended complaint on Monday, August 24, 2015. Thus, she is not in

technical compliance with the rules. Nevertheless, approaching the present situation pragmatically, the court is inclined to permit plaintiff to amend her pleadings.[1]

Where the court's permission for leave to amend is required because the amendment is not a matter of course, Rule 15(a)(2) requires that leave to amend be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is not automatic, but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir.1981); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend the pleadings] when justice so requires."); Plymouth County v. Merscorp, Inc., 774 F.3d 1555, 1160 (8th Cir. 2014). The court may consider several facts when deciding whether to grant leave to amend, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to non-moving party, and futility of the amendment. See Brown v. Wallace, 957 F.2d 564, 565 (8th Cir. 1992);

Given the timing of events, plaintiff's actions cannot fairly be characterized as dilatory nor motivated by bad faith. Moreover, given the present posture of this case, it would not appear to impose any appreciable prejudice on defendant to allow plaintiff to amend her complaint.

Defendant asserts that plaintiff's amendments are futile as evinced by alleged admissions she had made regarding the merits of her claims. However, for pleading purposes, the court must assume the truth of the allegations set forth in plaintiff's amended complaint. Whether plaintiff can ultimately prove facts supporting her claims is an issue for another day.

---

[1] To direct plaintiff to file a motion for leave to amend and then require the parties to submit briefs in support of and opposition to plaintiff's proposed amendments will only serve to protract matters and inflate costs for both sides.

Accordingly, defendant's motion to strike plaintiff's amended complaint (Docket No. 17) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court