**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Colleen M. Auer, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER (AMENDED)** |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Minot, a North Dakota | ) | |
| Municipal Corporation, | ) | Case No. 4:15-cv-040 |
| | ) | |
| Defendant. | ) | |

Before court is an "Objection and Motion Concerning Improper Amendment of Complaint" filed by defendant on September 8, 2015. For the reasons set forth below the objection and motion is denied.

I. **BACKGROUND**

Plaintiff initiated the above-entitled action by complaint on April 20, 2015. On July 31, 2015, defendant filed an answer to the complaint. On August 24, 2015, plaintiff filed an amended complaint.

On September 8, 2015, defendant filed an "Objection and Motion Concerning Improper Amendment of Complaint." It objects to plaintiff's amended complaint on the grounds that it was filed more than 21 days after service of the original complaint without its written consent or leave of court. It further avers that the "amendments to the original Complaint do nothing to change the underlying lack of merit to the litigation, and the amendment should not be allowed as it would be futile to allow such amendments as Plaintiff has already admitted her claims are without merit." (Docket No. 18). It requests that the court strike plaintiff's amended complaint or, in the alternative,

1

require plaintiff to comply with Rule 15 and allow it the opportunity to appropriately respond.

On September 9, 2015, plaintiff responded that the defendant's objection and motion are specious and that her amended complaint was timely filed when factoring in the 3 days allowed for mailing under Fed. R. Civ. P. 6.

On September 14, 2015, defendant filed a reply in support of its objection and motion. Thus, the issue has been fully briefed and is ripe for the undersigned's consideration.

## II. DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides the following with respect to amendments to pleadings prior to trial:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Defendant takes the position Rule 15(a)(1)(A) is operative and thus plaintiff's 21-day window for filing an amended complaint started to run on July 30, 2015, the date on which plaintiff served it with the original complaint. By its calculation, when factoring in the 3 days for mailing as provided for under the rules, plaintiff had until August 23, 2015, to file an amended complaint. Because the amended complaint was not filed until August 24, 2015, it avers the amended complaint is untimely under 15(a)(1).

However, it appears that Rule 15(a)(1)(B) is operative in this instance as plaintiff's original

complaint is a pleading to which a responsive pleading is required. Under Rule 15(a)(1)(B), plaintiff's 21-day deadline for filing an amended complaint as a matter of course would have commenced on July 31, 2015, the the date on which defendant filed an answer, and lapsed on August 24, 2015. Thus, it appears that plaintiff's amended complaint was timely filed.

In any event, even if the court were to accept the premise of defendant's motion and conclude that plaintiff missed by one day the deadline for filing an amended complaint as a matter of course, it would be inclined to allow plaintiff to amend her pleadings. When the court's permission for leave to amend is required because the amendment no longer allowed as a matter of course, Rule 15(a)(2) requires that leave to amend be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is not automatic, but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation fro becoming a technical exercise in the fine points of pleading." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981); see also Fed. R. Civ. P. 15(a)(2). The court may consider several factors when deciding whether to grant leave to amend, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, and futility of the amendment. See Brown v. Wallace, 957 F.2d 564, 565 (8th Cir. 1992).

Given the timing of events, plaintiff's actions cannot fairly be characterized as dilatory or motivated by bad faith. Moreover, given the present posture of this case, it would not appear to impose any appreciable prejudice on defendant to allow plaintiff to amend her complaint.

Defendant asserts that plaintiff's amendments are futile as evinced by alleged admissions that she made regarding the merits of her claims. However, for pleading purposes, the court must

3

assume the truth of the allegations set forth in plaintiff's amended complaint. Whether plaintiff can ultimately prove facts supporting her claims is an issue for another day.

Accordingly, defendant's objection and motion to strike plaintiff's amended complaint (Docket No. 17) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2015.

                                            */s/ Charles S. Miller, Jr.*
                                            Charles S. Miller, Jr., Magistrate Judge
                                            United States District Court